**BOAT/U.S.**
**STANDARD FORM SALVAGE CONTRACT**

It is hereby agreed this 17 day of July (month), 20 22, at 948 (time) hours at _____ by and between: _____ (casualty's owner or captain)

for the Vessel named " Pegasus ," (casualty's name) which is described as a Pardo J53 (description) and Biscayne Towing & Salvage, Inc., to salvage the vessel under these terms and conditions:

1. Salvor agrees to render assistance to and endeavor to save said vessel and its property and deliver her afloat or ashore at RMK Stevens marina or port as mutually agreed, or to nearest safe port if unspecified herein, as soon as practicable.

2. Salvor shall have the requisite possession and control of the subject vessel and be entitled without expense to the reasonable use of the vessel and its gear in the performance of recovery or salvage operations.

3. Said salvage and any towage services by the Salvor shall terminate upon delivery of said vessel as designated herein. Owner and Underwriter shall be responsible for any storage, towing or other port or marina charges following delivery and for risk of loss thereafter.

4. Compensation to Salvor for the services performed hereunder shall be in accordance with a billing and any supportive analysis of the salvage operation to be presented to Owner and Underwriter's agents upon completion of salvage. Billing will be on the basis of time and equipment rates as usually charged by Salvor or flat contract price or a reasonable amount in relation to post-casualty, pre-repair, fair market value of the vessel. Billian may include, where appropriate, reasonable cost of pollution containment or clean up. No agreement on price or its reasonableness has been made at the scene unless agreed to in writing.

5. Services hereunder are rendered on a "No Cure, No Pay" basis; however, salvor shall be entitled to a reasonable allowance for prevention or minimization of environmental damage in accordance with Articles 13 & 14 of the 1989 International Convention on Salvage, as well as for clean up or wreck removal in the event the vessel is deemed a constructive total loss. Payment is due promptly upon presentation of Salvor's bill. Interest at the rate of one and one-half (1.5%) percent per month (or the maximum legal rate allowed) shall accrue on any unpaid balance from 30 days after completion of salvage and presentation of a salvage bill, or as determined in accordance with the findings of any Arbitration Award.

6. In the event of any dispute regarding this salvage or concerning the reasonableness of any fees or charges due hereunder, all parties agree to binding local arbitration utilizing individual(s) experienced in maritime and salvage law. The BOAT/U.S. Vessel Salvage Arbitration Plan, though not required, is available as a public service through Boat Owners Association of The United States wherever the parties agree to its use. In the event Owner is uninsured for payment of these services, Salvor may, at its election, agree with Owner to use any agreeable arbitration system or to proceed with all available legal remedies to recover sums believed due and owing.

7. It is understood that services performed hereunder are governed by the Admiralty and Maritime Jurisdiction of the Federal Courts and create a maritime lien against the vessel or its posted security. Salvor's lien shall be preserved until payment. Salvor agrees in lieu of arrest or attachment to accept from the vessel's Underwriter, a Letter of Undertaking for an amount equal to one and one-half (1.5) times the presented billing with a copy of the insurance policy and coverage information. If the vessel is uninsured or its Underwriter cannot provide a Letter of Undertaking, Salvor may demand the posting of a Surety Bond with its designated Escrow Agent in an amount equal to 1.5 times the Salvor's bill. Salvor may satisfy collection of fees or charges hereunder by recourse to any security posted and shall be entitled to any costs incurred in collection of payments due hereunder including reasonable attorneys fees subject to the findings of any arbitration.

8. Salvor hereby warrants that it is acting on its own behalf and on behalf of any subcontractors retained by Salvor to perform services in the recovery or delivery of the vessel. Salvor shall be responsible for any such subcontractors' compensation.

9. In the event the Salvor has already rendered salvage services to the described vessel prior to execution of this contract, the provisions of this contract shall apply to such salvage services.

_____   _____
Signature Salvor                   Signature Owner/Captain

MESHACH CARSON                     Meara W. Saloio
Print Name                         Print Name

Biscayne Towing & Salvage, Inc.
1635 North Bayshore Drive          Pegasus
Miami, FL 33132                    Vessel Name
Tel: 305-358-1486
Fax: 305-373-8453

Street: 230 Royal Palm Way
City, State, Zip: Palm Beach 33480
Phone: 508 579 2280
Fax: _____